# EXHIBIT 1

1/12/2022 4:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 60771169
By: Patricia Jones
Filed: 1/12/2022 4:58 PM

NO.

**Ex. 1**

| | | |
|---|---|---|
| ELVIRA DeANDA LAZURE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| ACORN STAIRLIFTS, INC. | § | JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Elvira DeAnda Lazure, Plaintiff *[SS# 8546 TDL# 5624]* complains of Acorn Stairlifts, Inc., Defendant, and for cause of action would show:

### DISCOVERY CONTROL PLAN AND CONDITIONS PRECEDENT

I.

A.   Plaintiff intend to conduct discovery in this cause of action in accordance with Rule 190 TRCP, as set forth in *§190.1 TRCP*, or as appropriate, in *§190.4 TRCP*.

B.   All conditions precedent to the bringing of each of the causes of action alleged herein, have been performed or have occurred, per Rule 54 TRCP.

### PARTIES

II.

A.   Elvira DeAnda Lazure, Plaintiff *(Plaintiff herein)* is an individual who resides in Harris County, Texas.

Certified Document Number: 9983I603 - Page 1 of 21

B.    Acorn Stairlifts, Inc., Defendant *(Defendant herein)* is a Florida corporation whose principal office is 7335 Lake Ellenor Drive, Orlando, Orange County, Florida, 32809. **Defendant** was domesticated in Texas *[i.e. filed originally with the Texas Secretary of State]* on September 11, 2009.   The Registered agent for **Defendant**, which may be served with process by serving said Texas registered agent, **Corporate Creations Network, Inc.** at the registered address for service of process, **5444 Westheimer #1000**, **Houston, Harris County**, Texas 77056, **USA**.   Service is requested to be immediately attempted on the **Defendant**, at this address of **Defendant's** registered agent, in Texas..

C.    The term **Defendants** as used herein to refer to **Defendant** named herein, together with the physical manufacturer of the produce, if not manufactured by **Defendant** itself, along with the seller of the product, referred to **Plaintiff**, via **Defendant's** T.V. national phone number advertising the product, by an agent of **Defendant** or some unknown local retailer in conjunction with **Defendant**.   Service of citation of any such **Co-Defendant(s)** is requested to be immediately attempted if and when the identify of same is learned.

D.    Based upon information and belief, **Defendant, Acorn Stairlifts,** Inc. *[Acorn or Defendant herein]* designed, manufactured, assembled, marketed, and/or supplied a devise *[lift herein]* to carry a human(s) with one or more disabilities, up and down from one floor to another, purportedly in safety.   **Acorn** placed the **lift** into the stream of commerce and was sold for use in

2

Certified Document Number: 9831603 - Page 2 of 21

Texas and in Harris County, Texas, and as a result of design, manufacturing and/or marketing defects of such **lift** a tort was committed in Texas.  **Acorn** is registered in Texas, with the Texas Secretary of State, as set out above, and service of citation may be accomplished upon **Acorn**, by service its designated agent set out above.

## JURISDICTION

### III.

A.   This Court has subject-matter jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

B.   This Court has jurisdiction over the **Defendant(s)** because it was doing business in the State of Texas by: 1. advertising **lifts** for sale to people who watched television advertising from **Defendant(s)** selling **lifts** from **Defendant**; 2. acting directly and/or through **Defendant's** agent(s) in Harris County, Texas; 3. acting directly and/or through **Defendant's** agent(s) in Harris County, Texas in installations of the **lift**; 4. **Defendant** and **Defendant's** agent installing the **lift** but failing to give instructions in how to safely enter and leave the **lift**, which failure played a major factor in **Plaintiff's** fall, injury, and other damages; 5. It was actually and/or effectively doing business in the State of Texas and sold and/or was involved in the sale, installation and failure to provide proper use presentation and/or information of a defective product which this suit arises while doing business in the State of Texas; 6.

3

Certified Document Number: 9831603 - Page 3 of 21

**Defendant** was conducting business in the State of Texas in a continuous and systematic manner by selling and/or marketing its manufactured produces in the State of Texas and selling its manufactured products through dealers in the State of Texas; and 7. providing the Texas Secretary of State on September 11, 2009 *[which has remained valid since then]* with filing # 801169793 as a Foreign For-Profit Corporation with Tax ID: 15936702735 and had a Foreign Formation date of June 8, 1998; and provided its Registered Agent name and address for service of citation, as given above.

## VENUE

### IV.

A.   Venue is proper in Harris County, Texas, under Texas Civil Practices and Remedies Code Section 15.002(a)(1) *[(1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;]*.

B.   Because venue is proper in Travis County as to **Defendant** and because **Plaintiff** claims against all other defendants, if any, arise from the same occurrence or series of occurrences, venue is property all defendants, if any, under Texas Civil Practice and Remedies Code Section 15.005.

## FACTS

### V.

A.   The subject of this Petition is a certain Acorn Stairlifts, Inc. stairlift *[lift herein]*, designed, manufactured, sold, constructed and/or placed on **Petitioner's** property, for **Petitioner's** use, without proper instructions and safety.

4

Certified Document Number: 9831603 - Page 4 of 21

B.   The lift that injured **Plaintiff** was sold, distributed, or otherwise placed into the stream of commerce by **Defendant**, **Acorn Stairlifts, Inc.** and/or other unknown defendants in conjunction with said **Defendant**.  Upon information and belief, the lift was sold, delivered installed and paid to **Defendant** and or one or more agents of **Defendants**, and ultimately sold to and purchased by **Elvira DeAnda Lazure**, **Plaintiff** herein.

C.   The lift is designed so that the chair faces the wall and the back of the chair is to the stairway banister.  There are two buttons on the chair, one at the front end of both the right and left arm rest so that either arm rest button pushed or hit, can start the chair moving up or down.  The lift comes to a rest at the third step of the stairs at the bottom position.

D.   **Defendant** *[and\or an agent thereof]* stated he was in a hurry, did the installation, however gave no instructions or warnings of any kind involving the lift.

E.   On or about January 13, 2020 **Plaintiff** was getting into the lift chair, at the bottom of the stairs where the lift chair was at the bottom terminal, at the third step.  **Plaintiff** had a bag, on her left arm, from the store as she entered he lift chair.  Both start buttons faced the wall as **Plaintiff** went to sit on the open side of the lift chair.

F.   The bag on **Plaintiff's** arm inadvertently hit the one of the start buttons, as she was about halfway into the lift chair. The sudden start of the lift chair as **Plaintiff** was sitting down, threw her out of the lift chair and down the three steps.

5

Certified Document Number: 9831603 - Page 5 of 21

G.   Plaintiff's fall out of the lift chair and down three steps of the stairs, caused Plaintiff to have a broken back and broken ankle and other bodily injuries.   Plaintiff is still having medical treatment for these injuries, requires doctor services, and has great pain from such injuries.

CAUSES OF ACTION                VI.

Count 1.  Strict Liability for Design Defect

A.   At all relevant times, Defendant [and other co-defendants, if any] was engaged in the business of designing, manufacturing, marketing, distributing, assembling, installing, selling and/or otherwise intentionally placing Acorn Stairlifts, Inc. stair lifts and devises, into the stream of commence and directing such chair lifts to Texas, including any and all co-defendants, which injured Plaintiff and is the subject of this lawsuit.

B.   Acorn Stairlifts, Inc. stair lifts and devises, including the one involved in this lawsuit, was defectively designed, and such defects rendered such chair lift device unreasonably dangerous to ultimate users, operators, and/or consumers, including Plaintiff when sold, distributed, installed by Defendant [and/or agents of Defendant] to Plaintiff and failed to properly instruct Plaintiff on safe usage, if possible from the design and installation in Plaintiff's home.   The defects in the lift include but are not limited to:

1.   The lift failed to operate as safely as a chairlift customer would expect such to be able to be

6

safely operated at all times.

2.   The lift had start buttons on both left and right arm rests and/or handles, at the locations of either side of the chair, where a person enters the chair lift to sit down.  Normally after a person sits down in the chair of the chair lift, and purposely pushes a button, the chair lift starts movement.  However, accidentally bumping either of the start buttons, will cause the chair to commence movement of the chair without the intention to do so, or only after a person has safely set down in the chair.

3.   As in this case of Plaintiff, who had something in her hand, as she commenced getting into the chair, the buttons were located just where the bag in Plaintiff's hand hit one of the exposed start buttons, starting the lift into an upward motion, causing the chair to move from Plaintiff as she attempted to sit down, throwing her down on the steps, to serious injury.

4.   The lift had an unreasonable propensity to move, due to unsafe location and mechanics to start the lift before a person was safely seated in the chair and causing a serious fall.

5.   It is not difficult to imagine ways this could be prevents and it is believed that this is a problem to more than the Plaintiff which could have been prevented by proper designing of the lift so that movement would

Certified Document Number: 9831603 - Page 7 of 21

not be so easily caused, until a person was safely seated and ready for movement of the chair.

**Count 2.** *Strict Liability for Manufacturing Defect*

A.   At all relevant times, **Defendant** *[and possibly Co-Defendants]* were engaged in the business of designing, manufacturing, marketing, distributing, assembling, selling, installing, should have been giving instructions, or otherwise intentionally placing chairlifts, including the **lift** into the stream of commerce and directing such chair lifts to Texas, including the **lift** that caused the series injuries to **Plaintiff** and is the subject of this lawsuit.

B.   The **lift** was defectively designed and processed by **Defendant** *[and possibly Co-Defendants]*, then defectively manufactured, sold, installed and failed to give instructions by **Defendant** to **Plaintiff**. The **lift** was manufactured, with the apparent defective obvious to **Defendant**, yet such **Defendant** then marketed such defective product on T.V. in Harris County and surrounding area, implying such product was safe and beneficial to install.

C.   The **lift** was in the same condition at the time **Plaintiff** was injured as it was when it was originally placed into the stream of commence, at the time it was sold and/or installed by **Defendant** *[and/or possibly by Co-Defendants]* to **Plaintiff**.

D.   The defective manufacture of the **lift** was the or one of the direct and producing causes of substantial injuries and damages to **Plaintiff**.

Certified Document Number: 9831603 - Page 8 of 21

Certified Document Number: 9831603 - Page 9 of 21

E.   The lift was in the same condition at the time Plaintiff was injured as it was when it was installed by Defendant and/or its agents and still designed, constructed, sold to Plaintiff, and intended to be and was installed.

F.   The defective and unreasonably dangerous condition of the lift in question was a direct and producing cause of serious injuries and damages to Plaintiff.

G.   The lift was defectively manufactured. Specifically the buttons should not have been placed where they could be hit and the chair started moving, without the person using the lift could not start the lift moving, until the person was safely seated and ready for the lift to move. There could be several ways the lift could have been designed, as to the start buttons placement; ability to be turned on; the chair not to move until intentionally turned on to move; and other safety features to have avoided the Plaintiff's serious injuries. The lift was a product rendered unreasonably dangerous as designed by Defendant, sold to Plaintiff and installed by Defendant or its agents in Plaintiff's home.

H.   The defective manufacture of the lift was the direct and producing cause of substantial injuries and damages to Plaintiff.

I.   Safer alternative designs existed or could have existed, other than the ones used, which were economically and technologically feasible and would have prevented or significantly reduced the risk of injury without substantially impairing the lift's utility.

9

Count 3.  *Strict Liability for Marketing Defect*

A.  At all relevant times, **Defendant** *[and possibly Co-Defendants]* were engaged in the business of designing, manufacturing, marketing, distributing, assembling, selling, installing, should have been giving instructions, or otherwise intentionally placing chairlifts, including the **lift** into the stream of commerce and directing such chair lifts to Texas, including the **lift** that caused the series injuries to **Plaintiff** and is the subject of this lawsuit.

B.  At the time the **lift** in question was manufactured, marketed, and sold by **Defendant**, it contained an inherent risk of harm that could arise from intended or reasonably anticipated use. **Defendant** knew or should have reasonably foreseen the risk of harm at the time the **lift** was marketed.  The absence of proper warnings and/or instructions rendered the **lift** defective and unreasonably dangerous.

C.  The **lift** was in the same condition at the time **Plaintiff** was seriously injured as it was when it originally placed into the stream of commerce and at the time it was ultimately sold to **Plaintiff** by **Defendant** *[or an agent of **Defendant**]*.

D.  **Defendant** *[or an agent of **Defendant**]*'s failure to warn and/or instruct any dangers or safety instructions to **Plaintiff** regarding use of the **lift**, was the direct and producing cause of substantial injuries and damages to **Plaintiff** or one cause thereof.

Certified Document Number: 99831603 - Page 10 of 21

## Count 4.   Negligence

A.   At all relevant times, **Defendant** designed, manufactured, tested, inspected, distributed, sold, installed, and/or failed to give instructions, warnings, directions to **Plaintiff** regarding the **lift**, which caused the serious injuries to **Plaintiff** which are the subject of this lawsuit.

B.   **Defendant** *[and/or agents or co-defendants `thereof]* knew, or in the exercise of due care should have known, that the **lift** would be used without inspection or operated without safety instructions or directions, which **lift** was a product in dangerous condition, especially without any warning at time of installation and until after the incident occurred, which is the basis of this lawsuit.

C.   **Defendant** *[and/or agents, retailers, installers and/or others who had some duty to warn of dangers]* were under a duty to properly and adequately design, manufacture, assemble, sell in reasonably safe operating condition and with instructions about potential harm, install, check and inspect, and give warning of potential danger, not to present a danger to customers *[especially those not in prime condition already, as evidence by the need for a chair life from one floor to the next in safety]* who reasonably and expectedly under more than usual safety conditions were necessary, in coming in contact with the **lift**, including the **Plaintiff**.

D.   **Defendant** breached its duty *[along with agents and/or co-defendants, if any]* of reasonable care owed to **Plaintiff**

11

Certified Document Number: 9983 1603 - Page 11 of 21

in one or more of the following ways:

      1.   Failing to design, manufacture, distribute, sell, install, and failing to warn **Plaintiff**, regarding the dangerous condition of the **lift**;

      2.   Failing to design, manufacture, distribute, sell, install, and failing to warn **Plaintiff**, in such condition so that it would be able to operate as safely as a consumer in need of a **lift** would be able to expect;

      3.   Failing to provide reasonable and adequate warnings to the suppliers, purchasers, and users of the **lift** to a dangerous conditions describer herein;

      4.   Failing to properly test the lift and design it so that it could not accidentally be started to move as a consumer was getting into the seat of the **lift** before a consumer could safely be seated before the **lift** commenced any movement;

      5.   Failing to adopt and/or construct proper and sufficiently safe controls on the **lift** to assure no accidental movement until the consumer is safely seated in the chair, before any movement could commence;

      6.   Failing to hire employees and/or dealing with agents, retailers or other potential co-defendant(s) capable of proper designing, manufacturing, assembling, inspection, testing, quality control procedures, and/or safety instructure to a consumer, like **Plaintiff**;

Certified Document Number: 9983l603 - Page 12 of 21

7.  Failing to train employees and/or dealing with agents, retailers or other potential co-defendant(s) capable of proper designing, manufacturing, assembling, inspection, testing, quality control procedures, and/or safety instructure to a consumer, like **Plaintiff**;

8.  Failing to monitor employees and/or dealing with agents, retailers or other potential co-defendant(s) capable of proper designing, manufacturing, assembling, inspection, testing, quality control procedures, and/or safety instructure to a consumer, like **Plaintiff**;

9.  Selling a product which was defective, unreasonably dangerous, and unfit for consumer use; and

10.  Otherwise failing to exercise ordinary care in discharging their duties as designers, manufacturers, sellers, and/or giving instructions and directions, to consumers, like **Plaintiff** to avoid unsafe use of the lift.

E.  The negligence described above directly and proximately caused **Plaintiff's** serious and substantial injuries and damages.

F.  At all relevant times, all agents, servants, and/or employees of **Defendant** were acting within the course and scope of employment and/or as an agent, servant and/or employee, of **Defendant** and/or official duties. Furthermore, at all relevant times, all agents, servants, and/or employees of **Defendant** were acting of the duties of their office, agent, servant and/or

13

employment.   Therefore, **Defendant** *[and/or co-defendant(s)]* is responsible for all injuries and/or damages resulting from the negligent acts and/or omissions of its agents, servants, and/or employees pursuant to the doctrine of respondent superior.

### Count 5. *Gross Negligence*

A.   **Defendant** committed acts of omission and commission, listed above, which collectively and severally constituted gross negligence, and that gross negligence proximately caused **Plaintiff's** injuries and damages for which **Plaintiff** is entitled to recover punitive damages.

B.   When viewed objectively, **Defendant's** conduct, commissions and omissions involved an extreme degree of risk, considering the probability and magnitude of harm to others *[especially since the consumers are usually persons of limited ability, physically and sometime mentally, to make normal decisions which means consumers of Defendant' stair lift need to have extra caution for the safety of the consumer]*.

C.   **Defendant** *[and its employees, designer(s), manufacturer(s), agent(s), installer(s) and/or co-defendant(s)]* knew of this extreme risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including **Plaintiff**.

D.   This act(s) and or omission(s) of gross negligence directly and proximity caused **Plaintiff** serious and substantial injuries and damages *[including, but not limited to a back operation for a ruptured disk, and a broken ankle, and other*

14

Certified Document Number: 9831603 - Page 14 of 21

*injuries, suffered in the Plaintiff's fall and injury from the gross negligence pled herein].*

E.   At all relevant times, all agents, servants, and/or employees or co-defendant(s) of **Defendant** were acting within the course and scope of employment and/or official duties. Furthermore, at all relevant times, all agents, servants, and/or employees of **Defendant** were acting in furtherance of the duties of their office and/or employment. Therefore **Defendant** is responsible for all injuries and damages resulting from the grossly negligent act and/or omissions of its agents, servants, co-defendants and/or employees pursuant to the doctrine of respondeat superior.

## Count 6. Breach of Warranty

A.   **Defendant** is engaged in the business of designing, manufacturing, marketing, distributing, assembling, installing and/or selling, chair lifts to the public, including the **lift** which injured **Plaintiff** and is the subject of this lawsuit.

B.   **Defendant** and/or its employee(s), agent(s), co-defendant(s) jointly and/or based upon the position of each as a part of the joint efforts of each and all, warranted that the **lift** which injured **Plaintiff** was good and fit for the purpose for which such chair lift is used and is safe for such use by the clientele which each such firm and/or entity participated in the entire process for such firm, person or entity was part of the overall procedure heretofore set out. **Defendant** and each such other firm, party or entity therefore breached the implied warranty of merchantability and any specific warranty made to **Plaintiff**.

15

Certified Document Number: 9983603 - Page 15 of 21

C.    In Texas, the implied warranty of merchantability is extended to any person who may be reasonably expected to use, consume, or be affected by such goods.

D.    The unmerchantability of the **lift** directly and proximately caused **Plaintiff's** serious and substantial injuries and damages.

## VII.

## LIABILITY OF "NON-MANUFACTURING SELLERS
TEX. CIV. PRAC. & REM. CODE §82.003

A.        *§ 82.003(a)(6) TCPRC*

Without waiving the foregoing, to the extent **Defendant** did not design, formulate, construct, rebuild, fabricate, produce, compound, process, assemble and/or install, any part of the **lift**, **Defendant** is still liable under §82.003(a)(6) TCPRC, for harm caused to **Plaintiff**, because **Defendant** knew of a defect in the **lift** at the time **Defendant** supplied the **lift** and **Plaintiff's** injuries and damages resulted from the defect.

B.        *§ 82.003(a)(7)(B) TCPRC*

Without waiving the foregoing, to the extent **Defendant** did not design, formulate, construct, rebuild, fabricate, produce, compound, process, assemble and/or install, any part of the **lift**, should this Court find that **Defendant** is not subject to the jurisdiction of this Court, **Defendant** *[and possibly co-defendant(s)]* are still liable under §82.003(a)(7)(B) TCPRC, for the harm caused to **Plaintiff** by **Defendant** and/or the **lift**. **Defendant** is still liable under §82.003(a)(7) TCPRC, for harm

16

Certified Document Number: 9831603 - Page 16 of 21

caused to **Plaintiff**, because **Defendant** knew of a defect in the **lift** at the time **Defendant** supplied the **lift** and **Plaintiff's** injuries and damages resulted from the defect.

## CONDITIONS PRECEDENT

### VIII.

All conditions precedent to **Plaintiff's** claims for relief have been performed or have occurred.

## REQUEST FOR DISCLOSURE

### IX.

Pursuant to Rule 194 TRCP, **Plaintiff** requests that the **Defendant** disclose, within 50 days of the original service of this request, the information or material described in Rule 194.2 TRCP.

## DAMAGES

### X.

A.   **Defendant's** conduct as described above was the direct and producing cause of serious and substantial injuries and damages to **Plaintiff**.   **Plaintiff** therefore seeks recovery of damages suffered as a result of **Defendant** conduct including all remedies allowed at law, general and special, for past and future medical expenses, past and future potential earning capacity and/or loss of care for self, and having to hire work done at home and otherwise, which **Plaintiff** could do herself before the damages caused by **Defendant**, past and future mental anguish, past and future pain and suffering, past and future disfigurement from surgery required because of the injury arising from the injury listed herein, past and future physical impairment, past and future

17

Certified Document Number: 9831603 - Page 17 of 21

loss of enjoyment of life, and any and all other damages to which **Plaintiff** may show herself entitled under the law.

     B.   **Plaintiff, Elvira DeAnda Lazure**, is also entitled to punitive damages due to the egregious conduct and gross negligence described above.

     C.   The amount of damages which would fairly and reasonably compensate **Plaintiff** for her injuries and damages is to be determined by a jury after consideration of all evidence presented at trial. However, in satisfaction of the requirements impost by Rule 47(c) TRCP, **Plaintiff** states that she seeks monetary relief over $1,000,000.00. As stated in the comment to the 2013 amendment to Rule 47 TRCP, this statement is made solely for the purpose of providing information on the nature of this case, does not affect **Plaintiff's** substantive rights, and is made subject to **Plaintiff's** right to amend.

## OTHER MATTERS PLED

XI.

     A.   **Plaintiff** has put **Defendant** on notice of this claim, more than thirty days prior to the filing of this action.

     B.   If attorney fees, costs of court and/or pre-judgment and post-judgment are allowed by law for one, some or all of these, **Plaintiff** requests same be awarded in this case for **Plaintiff** and against **Defendant(s)**, and attorney fees and costs on an appeal taken by **Defendant** if **Plaintiff** prevails in **Plaintiff's** action against **Defendant(s)**.

Certified Document Number: 9983l603 - Page 18 of 21

## PRAYER FOR RELIEF

       **PLAINTIFF, ELVIRA DEANDA LAZURE,** prays that **DEFENDANT, ACORN STAIRLIFTS, INC.,** *[and in any amended Petition, as other defendants may be discovered, DEFENDANT(S)]* be duly served with process, as provided by law, and that upon final hearing in this cause of action, **Plaintiff** have judgment against **Defendant**(s) for the relief sought herein and in an amount in excess of the jurisdictional minimum amount of this Court and in the amounts as pled herein and upon all causes of action pled herein and for all relief pled herein; and

       **Plaintiff** prays for pre-judgment interest and post-judgment interest as pled herein *[or in amended Petition, if any]* and

       **Plaintiff** further prays for a judgment of all actual damages as pled have multiple damages as provided for in the **Texas Deceptive Trade Practices-Consumer Protection Act** *[Plaintiff reserves the right to plead violation of DTPA in an amended petition which violation of the DTPA is considered as part of this Original Petition]* and all other relief available under such Act and/or as provided by law, for all of which **Plaintiff** herenow prays; and

       **Plaintiff** prays for exemplary damages against **Defendant** as pled herein under **Chapter 41 TCPRC** and/or at common law and/or as by other law as provided and as pled herein;  and

       **Plaintiff** prays for all reasonable and necessary attorneys fees and expenses as may be allowed by law and as pled

Certified Document Number: 9831603 - Page 19 of 21

herein; and

Plaintiff prays for all costs of court herein; and

Plaintiff prays for such other and further relief, both general and special, at law or in equity, to which Plaintiff may otherwise show that Plaintiff is justly entitled.

Respectfully submitted,

T. W. PROCTOR & ASSOCIATES

T. W. Proctor, J.D.---Attorney for Plaintiff
Glendale   Mediation   Center
630 Uvalde  Houston, TX 77015-3766
(713)  453-8338   TBA #16350000
FAX (713) 453-3232
Email: auraman@swbell.net

Certified Document Number: 9983I603 - Page 20 of 21

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Terrell Proctor on behalf of Terrell Proctor
Bar No. 16350000
auraman@swbell.net
Envelope ID: 60771169
Status as of 1/13/2022 8:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Terrell WProctor | | auraman@swbell.net | 1/12/2022 4:58:43 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 4, 2022

Certified Document Number:        99831603 Total Pages:  21

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**